IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dexter Palmer, | ) | Case No. 8:15-02571-MBS-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 19.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 24, 2015.[1] [Doc. 1.] On October 13, 2015, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 18, 19.] On October 14, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 20.] Petitioner filed a response in opposition on February 22, 2016. [Doc. 29.] Thereafter, on March 3, 2016, Respondent filed a reply. [Doc. 31.]

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on June 24, 2015. [Doc. 1-7 (envelope stamped as received by prison mailroom on June 24, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Marlboro County.  [Doc. 1 at 1.]  Petitioner was indicted in July 2005 for murder.  [App. 27–28.[2]]  On December 6, 2010, represented by Emily Crayton ("Crayton"), Petitioner pled guilty as charged.  [App. 1–26.]  Petitioner was sentenced to thirty years imprisonment.  [App. 24.]  No direct appeal was filed.

**PCR Proceedings**

On June 1, 2011, Petitioner filed a pro se application for post-conviction relief ("PCR"), in which he alleged he was being held in custody unlawfully based on the following grounds:

    (a)    Denial of Effective Assistance of Counsel

    (b)    Involuntary Guilty Plea

    (c)    Breach of Plea Agreement/Contract Laws

[App. 79.]  Petitioner stated the following facts to support those grounds:

    (a)    Failure to Challenge Prosecutions Breach of

    (b)    Resulting from Ineffectiveness of Counsel

    (c)    Sentence Exceeds Agreement/Contract

[*Id.*]  The State filed a return, dated January 17, 2013.  [App. 93–97.]

---

[2]The Appendix can be found at Docket Entry Number 18-1.

2

A hearing was held on July 16, 2013, at which Petitioner was represented by David E. Belding ("Belding"). [App. 98–181.] At that hearing, Belding submitted a trial brief to the PCR court outlining Petitioner's claims. [App. 84–92.] On September 6, 2013, the PCR court filed an order denying and dismissing the PCR application with prejudice. [App. 182–90.]

A notice of appeal was timely filed. [Doc. 18-2.] Kathrine H. Hudgins ("Hudgins") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson*[3] petition for writ of certiorari, dated June 2, 2014, in the Supreme Court of South Carolina. [Doc. 18-3.] The petition asserted the following as the sole issue presented:

> Did the PCR judge err in refusing to find counsel ineffective for failing to move to enforce the original plea agreement providing for a sentence of twenty five years concurrent for all of the charges pending in both Dillon and Marlboro counties?

[*Id.* at 3.] At the same time, Hudgins filed a petition to be relieved as counsel. [*Id.* at 10.] Petitioner filed a pro se brief, dated August 25, 2014, raising the following issues, quoted substantially verbatim:

> Issue (1) Whether the pcr Court's order of dismissal failed to make the required "specific finding of facts" concerning the Petitioner's claim of ineffective assistance of counsel pursuant to S.C. Code Ann. § 17-27-80?
>
> Issue (2) Whether the pcr Court's order of dismissal failed to make the required "specific finding of facts" concerning the Petitioner's claim of counsel's ineffectiveness, for failing to move to enforce the original plea agreement providing for a

---

[3] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988).

3

sentence of twenty five (25) years concurrent for all of the
charges in both Dillon and Marlboro counties?

Issue (3) Whether the pcr Court's order of dismissal failed to
make the required "specific finding of facts" concerning the
Petitioner's claim of Breach of plea agreement?

[Doc. 18-5 at 5.]  The Supreme Court of South Carolina denied the petition and granted

Hudgins's request to withdraw on December 4, 2014 [Doc. 18-6] and remitted the matter

to the lower court on December 22, 2014 [Doc. 18-7].

**Petition for Writ of Habeas Corpus**

On June 24, 2015, Petitioner filed this Petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted

substantially verbatim:

**Ground One**:        Petitioner was denied effective assistance of counsel at
                       Plea hearing

*Supporting Facts*:    See Attachment B-1

**Ground Two**:        Denial of effective Assistance of Counsel failure to
                       challenge Prosecutions Breach of contract

*Supporting facts*:    See Attachment B-2

**Ground Three**:      Breach of Plea Agreement/contract law

*Supporting facts*:    See Attachment B-3

[Doc. 1.]

As stated, on October 13, 2015, Respondent filed a motion for summary judgment.

[Doc. 19.]  On February 22, 2016, Petitioner filed a response in opposition.  [Doc. 29.]  On

March 3, 2016, Respondent filed a reply.  [Doc. 31.]  Accordingly, Respondent's motion is

ripe for review.

4

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

6

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the

judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990))).

      *Procedural Bypass*

  Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

  The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts,

the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme

Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance

with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional

violation,'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting

*Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with

state procedural requirements and cannot make the required showing of cause and

prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the

court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is

precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court. *Coleman v.*

*Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice,

a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such

an instance, the exhaustion requirement is technically met, and the rules of procedural bar

apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, a federal court may consider claims that have not been presented to the highest state court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

13

523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

**Procedurally Barred Ground**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends Ground Three is procedurally barred to the extent it is even cognizable in this action. [Docs. 18 at 17–19, 28; 31.] Respondent further argues Petitioner cannot overcome the default of this ground because he cannot establish cause and prejudice or a miscarriage of justice. [Docs. 18 at 18–19; 31.] Petitioner argues that PCR counsel was ineffective. [Doc. 29-1 at 11–12.] The Court agrees Ground Three is procedurally barred to the extent it is cognizable in this action.

In Ground Three, Petitioner alleges "breach of plea agreement/contract law" and references an attachment that discusses whether plea counsel was ineffective for failing to move to enforce a plea agreement.[5] [Doc. 1 at 8; Doc. 1-4 at 11.] This claim was raised to the Supreme Court of South Carolina in Petitioner's pro se petition for writ of certiorari

---

[5]To the extent Petitioner is merely alleging a breach of state contract law, Ground Three is not cognizable as it fails to allege that Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Moreover, any claim of ineffective assistance of counsel for failing to move to enforce a plea agreement will be discussed on the merits, infra, as that claim is raised in Grounds One and Two.

but was not addressed in the PCR court's final order of dismissal.[6]  Petitioner failed to file a Rule 59(e) motion to preserve the issue for appeal; therefore, it is procedurally barred from federal habeas review, *see Marlar*, 653 S.E.2d 266, absent a showing of cause and actual prejudice, *see Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule.  *Carrier*, 477 U.S. at 488.  *But see Martinez v. Ryan*, --- U.S. ---, ---, 132 S. Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").  Here, Petitioner raises *Martinez* in an attempt to overcome the procedural default of Ground Three.

In *Martinez*, the Supreme Court elaborated,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should

---

[6]In its discussion of a related ineffective assistance of counsel claim, the PCR court found that Petitioner "failed to meet his burden of proving . . . that a plea agreement had been breached . . . " [App. 188]; however, the PCR court addressed the claim as one of ineffective assistance of counsel and not as the due process claim raised in this habeas action.

> have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318.  The narrow exception created by *Martinez* applies only to claims of ineffective assistance of counsel.  *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) ("The Court said in no uncertain terms that '[t]he rule of *Coleman* governs in all but the limited circumstances here.'  *Martinez* applies only to 'a prisoner's procedural default of a claim of ineffective assistance at *trial*, . . . .'" (alteration and emphasis in original) (quoting *Martinez*, 132 S. Ct. at 1315, 1320)); *see also Reilly v. Cartledge*, No. 0:12-3503-SB, 2014 WL 4656511, at *8 (D.S.C. Sept. 17, 2014) (". . . *Martinez* is a *limited exception* that applies only to the procedural default of a claim of *ineffective assistance of trial counsel.*" (emphasis in original)).  As such, Petitioner's reliance on *Martinez* is misplaced.  Because Ground Three does not raise an ineffective assistance of trial counsel claim, Petitioner may not rely on *Martinez* to excuse the procedural default.  Petitioner has provided no other cause to excuse the procedural default of Ground Three, nor is any readily apparent from the record.  Additionally, Petitioner has failed to show either actual prejudice or that a fundamental miscarriage of justice will occur if the procedural default is not excused.  Thus, Ground Three is procedurally barred from consideration by a federal habeas court and should be dismissed.

**Merits of Remaining Grounds**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as

16

determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas

17

relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

In Ground One, Petitioner alleges he "was denied effective assistance of counsel at Plea hearing" and directs the Court to Attachment B-1 for the supporting facts. [Doc. 1 at 5.] The document labeled B-1 states, "Plea counsel was ineffective in failing to move to enforce the earlier plea agreement." [Doc. 1-4 at 9.] In Ground Two, Petitioner raises an ineffective assistance of counsel claim for counsel's "failure to challenge Prosecutions Breach of contract" and directs the Court to Attachment B-2 for the supporting facts. [Doc. 1 at 6.] The document labeled B-2 states, "Plea counsel was ineffective for failing to move to enforce the plea agreement in regard to applicants Marlboro County murder charge, discussed during his earlier guilty plea to Dillon County charges." [Doc. 1-4 at 10.] The Court agrees with Respondent that the arguments articulated in Petitioner's Grounds One and Two are part of the same claim—that Crayton was ineffective for failing to argue that the State breached its original plea agreement and then to seek to have the original plea agreement enforced.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[7] *Richter*, 131 S. Ct. at 785. "A

_____

[7]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove

state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state

_____

two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

19

court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent.  *Id.*

Here, the PCR court addressed Crayton's performance under the standards set forth in *Strickland* and *Hill v. Lockhart*, 474 U.S. 52 (1985).  [App. 183–89.]  With respect to Grounds One and Two, the PCR court found,

> This Court finds the Applicant failed to meet his burden of proving plea counsel should have argued the State breached a plea agreement.  Plea counsel testified the Applicant admitted he had rejected the twenty-five year offer and that file notes confirmed this.  Plea counsel testified the State eventually made a plea offer for a thirty-year sentence and the Applicant accepted this offer when the case was on the trial docket.  This Court finds plea counsel's testimony is credible.  Deputy Solicitor Redmond testified the twenty-five offer was made to the Applicant in 2005 and that he rejected it three times.  Redmond testified the State eventually served notice of intent to seek life imprisonment without parole and made a new offer of a thirty-year sentence in exchange for a plea to murder.  This Court finds Redmond's testimony is credible.  This Court finds there was an agreement in 2005 for the Applicant to plead guilty to this Marlboro County murder charge and that it would be reduced to voluntary manslaughter and the State would recommend a twenty-five year sentence.  The plea offer was properly conveyed to the Applicant by the attorney on his Dillon County charges.  Cf. Davie v. State, 381 S.C. 601, 675 S.E.2d 416 (2009) (holding counsel's failure to convey the State's plea offer to defendant constituted deficient performance).  It is clear that, although this offer was held open from 2005–2010, the Applicant chose to reject this offer three times.  This Court notes the Applicant's SCDC records corroborate Solicitor Redmond's testimony that the Applicant was transported to court several times (between 2007–2010)

20

and would not plead guilty. This Court finds that, by the time plea counsel was appointed in this case, the Applicant was aware the twenty-five year offer had expired. This Court finds plea counsel was nevertheless able to obtain a favorable plea agreement of a thirty-year sentence <u>after</u> the State had served notice of its intent to seek a sentence of life imprisonment without parole. This Court notes the Applicant's allegations are refuted by the plea transcript, as he states he does not object when the thirty-year recommendation is announced and the history of the plea negotiations for the twenty-five year voluntary manslaughter plea are placed on the record. (Plea transcript, p. 2; p. 7; pp. 17–18). <u>See Stalk v. State,</u> 375 S.C. [289,] 300, 652 S.E.2d [402,] 407 [(Ct. App. 2007)]; <u>Rayford v. State</u>, 314 S.C. [46,] 48-49, 443 S.E.2d [805,] 806 [(1994)]. The Applicant has failed to meet his burden of proving either that a plea agreement had been breached or that plea counsel was deficient in failing to argue such to the plea judge. <u>See Butler v. State</u>, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (finding in a post-conviction relief proceeding, the applicant bears the burden of proving the allegations in their application).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test – that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in her representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> – that he was prejudiced by plea counsel's performance.

[App. 187–88.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus,

the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland* or *Hill*. For example, the transcript of Petitioner's Dillon County plea hearing demonstrates that the State negotiated for Petitioner to plead guilty to two counts of possession of a weapon, two counts of armed robbery, and one count of assault and battery with intent to kill ("ABWIK") in exchange for the State's recommendation of twenty-five year sentences on each of the armed robbery charges, five years on each of the possession of a weapon charges, and twenty years on the ABWIK charge, all to run concurrently. [App. 33–35, 50.] Deputy Solicitor Redmond indicated to the Dillon County plea court that the State was continuing to work with Petitioner on the pending murder charge in Marlboro County, stating, "We have indicated that if the cooperation and information he's given us is credible that we would then plead him to voluntary manslaughter in Marlboro County and allow that to run concurrent since he is pleading to a 25 year, no parole sentence." [App. 35.] Before accepting the plea, the plea judge went over the agreement regarding Petitioner's Marlboro County charges,

> [I]f you cooperate with them through their investigation about several crimes or they think you seem to know about that they're going to let you eventually within a year's time, approximately a year, plead to that murder or reduce it to voluntary manslaughter, let you plead to that and possession of a weapon for a total of 25 years running concurrent with these.
>
> If you don't cooperate to their satisfaction then they've got to proceed on with the charges of murder and possession of a weapon against you in Marlboro County to the fullest extent, meaning they may offer you to life without parole. You understand that?

22

[App. 50–51.]  Petitioner responded that he understood.  [App. 51.]  More than five years after his Dillon County guilty pleas, Petitioner pled guilty to the murder charge in Marlboro County.  [App. 1–25.]  According to Deputy Solicitor Redmond's testimony at the PCR evidentiary hearing, in the five years between his Dillon County and Marlboro County guilty pleas, Petitioner was given the opportunity to plead guilty to voluntary manslaughter multiple times, but Petitioner refused.  [App. 161–66.]  The PCR court found that testimony to be credible.  [App. 187.]  The PCR court also found Crayton's testimony to be credible [App. 187], and Crayton testified that Petitioner had rejected the twenty-five year offer [App. 142–45].  The PCR court's determination with respect to the credibility of these witnesses is entitled to deference.  *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."  (citing 28 U.S.C. § 2254(e)(1))).  As the PCR court noted, during the Marlboro County guilty plea proceedings, Petitioner did not object to the thirty year sentence, nor did he object when he had the opportunity to respond to Deputy Solicitor Redmond's explanation of the prior plea negotiations.  [App. 18–20.]  Petitioner told the plea court that he was voluntarily entering the guilty plea and that he was satisfied with Crayton's representation.  [App. 12.]  Finally, although Petitioner testified at the PCR hearing that he lied to the plea judge about being satisfied with Crayton because he did not want to go to trial with her [*see, e.g.*, App. 135–36], the PCR court determined Petitioner was not credible [App. 186].  Therefore, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief based on Grounds One and

Two.  Accordingly, Respondent's motion for summary judgment should be granted as to Grounds One and Two.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 14, 2016
Greenville, South Carolina